UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
BRIA WILLIAMS,

        Plaintiff,

  -against-                            **MEMORANDUM AND ORDER**
                                            Case No. 17-CV-03473 (FB) (JO)
HARRIS, KLEIN ASSOCIATES, INC.,

        Defendant.
---------------------------------------------------x

Appearances:
*For the Plaintiff:*                               *For the Defendant:*
EDWARD B. GELLER                     ARTHUR SANDERS
M. Harvey Rephen & Associates, P.C.     Barron & Newburger, P.C.
15 Landing Way                                   30 South Main Street
Bronx, NY 10464                                  New City, NY 10956

**BLOCK, Senior District Judge**

Plaintiff Bria Williams filed a civil action in state court against Defendant Harris, Klein Associates ("HKA"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). HKA removed the action to this Court and now moves for summary judgment. The motion is granted.

**I.**

The parties agree on most of the facts. Williams received a letter from HKA which informed her that she owed $390.10 based on a denied credit card transaction. The letter was addressed to "Monet Williams" at an address in Jamaica, New York. After receiving the letter, Williams retained a credit repair service called Asset

1

Protection and Management ("Asset Protection") and executed a power of attorney ("POA") that *inter alia* granted Asset Protection and its employees the authority to communicate with creditors on Williams's behalf. The POA was signed in the name of "Bria Williams" with a listed address in Kew Gardens, New York. Gisela, an employee of Asset Protection, faxed a copy of the POA to HKA and called HKA's customer service line. HKA's representative, however, refused to discuss Williams's account with Gisela.

The parties disagree on the reason the representative gave for refusing to discuss the account. Williams asserts that the representative said that the POA was both "illegible" and invalid because it lacked the name and contact number of any individual employee at Asset Protection. Additionally, Williams says, the representative refused to allow Williams (who was apparently with Gisela during the phone call) to verbally grant authorization to speak with Gisela. HKA, on the other hand, asserts that its representative explained that the POA was invalid because Williams's name and address on the POA did not match what was written on the debt collection letter.[1]

---

[1] Based on a photocopy of her license, it appears that Williams's full name is "Bria Monet Williams." The parties agree that the name on the letter only listed "Bria Williams" and the name on the POA only listed "Monet Williams." Neither party addresses the discrepant addresses.

## II.

The gravamen of Williams's complaint is that HKA violated the FDCPA when its representative declined to speak with Gisela despite the POA and the offer of verbal authorization from Williams. These claims, however, are not cognizable under the FDCPA.

First, the Court has repeatedly expressed doubt that the statute's protections extend to communications made to anyone than the consumer. Just a few months ago, for example, Chief Judge Irizarry persuasively concluded that FDCPA protections do not extend to third parties, including non-attorneys like Gisela. *See Sandoval v. I.C. Sys.*, No. 17-CV-3755, 2018 WL 1582218, at *2 (E.D.N.Y. Mar. 29, 2018); *see also Vernot v. Pinnacle Servs, L.L.C.*, No. 16-CV-3163, 2017 WL 384327, at *5 (E.D.N.Y. Jan. 26, 2017). Furthermore, the Chief Judge observed that "[c]ourts in this circuit have held that the FDCPA's protections are not triggered by communications by someone other than the debt collector." *Id.* at *3 (citing *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 401, 411 (E.D.N.Y. 2012)). Thus, Williams's claims are foreclosed for at least two reasons: (1) HKA's statements were made to Gisela and not Williams, and (2) the communication was not initiated by HKA.

The Second Circuit has not definitively ruled on these issues, and neither *Sandoval* nor *Vernot* is binding on the Court. Nonetheless, the Court is troubled by

3

the fact that Mr. Geller, who represented the plaintiff in both *Sandoval* and *Vernot*, and who represents Williams here, did not even acknowledge, much less address, the recent holdings that squarely preclude his client's claims.

**III.**

Even if Williams's allegations were cognizable under the FDCPA, the court grants summary judgment because HKA's statements were not violative of the FDCPA and no material facts are in dispute.

Williams points to three sections of the FDCPA. 15 U.S.C. § 1692c(b) prohibits debt collectors from speaking to most third parties outside of limited circumstances without the consumer's consent. Williams argues that this section does not preclude verbal consent, and that HKA's disregard for her verbal consent violated the section. 15 U.S.C. § 1692e proscribes using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." Williams argues that HKA's misstatements about the requirements for a valid POA violated § 1692e. 15 U.S.C. § 1692f proscribes using "unfair or unconscionable means to collect or attempt to collect any debt." Williams argues that refusing to speak with Gisela violated §1692f.

These claims are meritless. Although § 1692c(b) does not on its face foreclose verbal authorization, nothing in the section requires debt collectors to communicate with third parties, let alone to accept verbal authorization to do so. Sections 1692e

4

and 1692f, which include (admittedly non-exhaustive) examples of violative conduct, do not appear to apply to situations in which debt collectors refuse to speak with consumers' agents or make allegedly invalid claims about the legal requirements for valid POAs.[2] Geller points to no contrary authority, nor to any authority for any other proposition made in his brief.

## IV.

Because Williams's claims are not cognizable under the FDCPA and lack merit on their own terms, the motion for summary judgment is granted.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 23, 2018

---

[2] Furthermore, courts in this circuit have read in a materiality element for misrepresentations under § 1692e. *See Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 518 (S.D.N.Y. 2013); *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp. 2d 482, 389 (E.D.N.Y. 2011); *see also Gabriele v. American Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (endorsing a materiality requirement); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("Materiality is an ordinary element of any federal claim based on a false or misleading statement. . . . We do not see any reason why materiality should not equally be required in an action based on § 1692e." (internal citations omitted)). Even if HKA's representations as to the requirements of a valid POA were false (which the Court does not express any view on), they were not material. Nothing HKA's representative allegedly said impacted Williams's ability to understand her debt, nor would it have influenced her decision or ability to pay or challenge the debt. *See Okyere*, 961 F. Supp. 2d at 518. Williams and Asset Protection could have easily resubmitted a POA that complied with HKA's requirements.